UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dana Roisin Murphy,

    Plaintiff,

v.

                              Case No. 15-14252
                              Hon. Sean F. Cox
                              Magistrate Judge Mona K. Majzoub

Commissioner of Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dana Roisin Murphy ("Plaintiff") brought this action seeking judicial review of Defendant Commissioner of Social Security's ("Defendant") determination that she is not entitled to social security benefits for her mental impairments under 42 U.S.C. § 405(g). (Doc. # 1).

All proceedings in this case were referred to Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C) on December 7, 2015. (Doc. # 4). Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. # 15, Pl.'s Mo.; Doc. # 16, Def.'s Mo.).

On February 8, 2017, Magistrate Judge Majzoub filed a Report and Recommendation ("R&R"), wherein she recommended that the Court DENY Plaintiff's Motion for Summary Judgment and GRANT Defendant's Motion for Summary Judgment. (Doc. # 17, R&R at 1). Plaintiff timely filed objections to the R&R on February 22, 2017. (Doc. # 18, Pl.'s Objs.). Defendant timely responded to Plaintiff's objections on March 7, 2017. (Doc. # 19, Def.'s

1

Resp.).

The Court finds Plaintiff's objections to be improper and without merit. The Court shall therefore **ACCEPT AND ADOPT** the R&R, **DENY** Plaintiff's Motion for Summary Judgment (Doc. #15), and **GRANT** Defendant's Motion for Summary Judgment (Doc. # 16).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In her R&R, Magistrate Judge Majzoub determined that there was sufficient evidence in the record to support the Administrative Law Judge's ("ALJ") determination that Plaintiff did

not have deficits in adaptive functioning and therefore failed to meet Listing 12.05C. (R&R at 9). The Magistrate Judge concluded that "while there is indeed evidence that tends to support Plaintiff's assertions, there is also substantial evidence supporting the ALJ's conclusions. Therefore, this issue falls within the ALJ's zone of choice, and her assessment should not be disturbed." (R&R at 10). Plaintiff lodges two objections to the Magistrate Judge's R&R.

***Objection # 1.*** First, Plaintiff argues that Magistrate Judge Majzoub "erred in inferring that the ALJ applied a correct legal standard when her only recitation of that standard was in error." (Pl. Objs. at 3). Specifically, Plaintiff argues that the ALJ misstated Listing 12.05C's adaptive-functioning standard by stating that there are not "deficits in adaptive functioning *resulting in mental incapacity*." (*Id.*) (emphasis added). Rather than point to a specific deficiency in the Magistrate Judge's analysis, Plaintiff improperly asserts an argument that has already been advanced before, and rejected by, Magistrate Judge Majzoub:

> Plaintiff argues that the ALJ misstated the adaptive-functioning standard by stating that Plaintiff's 'abilities and activities detailed in the record show that there are not deficits in adaptive functioning *resulting in mental incapacity*." (Docket no. 15 at 15-16 (citing TR 22) (emphasis added).) Plaintiff argues that the italicized phrase is not part of the adaptive functioning standard, and that by adding this requirement to her analysis, the ALJ employed an unduly strict standard, which constitutes reversible error. (*Id.*) Plaintiff's argument in this regard fails, as there are at least three other instances in the ALJ's decision in which she states only that the record does not establish "deficits in adaptive functioning," period. (*See* TR 22, 23)

(R&R at 6-7, n. 1). The Court agrees with Magistrate Judge Majzoub's resolution of this issue. As such, Plaintiff's first objection is overruled.

***Objection # 2.*** In her second objection, Plaintiff argues that the Magistrate Judge "inaccurately characterized plaintiff's argument, and used that mischaracterization as a basis for dismissing the argument." (Pl.'s Objs. at 5). Plaintiff takes issue with the Magistrate Judge's

3

statement that "[t]he crux of Plaintiff's argument is not that the ALJ erred in relying upon the aforementioned evidence, but that there is other evidence in the record upon which the ALJ did not rely, which supports a finding that Plaintiff does have deficits in adaptive functioning." (R&R at 10). Plaintiff claims this is not an accurate summary of plaintiff's argument.

Plaintiff's argument is without merit. In her summary judgment brief, Plaintiff made it clear that she believed the ALJ's determination was not supported by substantial evidence. In making this argument, Plaintiff proceeded to point out certain evidence in the record that the ALJ ignored. (*See e.g.*, Pl.'s Mo. at 15-18). Magistrate Judge Majzoub properly summarized Plaintiff's argument and concluded that "while there is indeed evidence that tends to support Plaintiff's assertions, there is also substantial evidence supporting the ALJ's conclusion." (R&R at 10). In reaching this conclusion, the Magistrate Judge thoroughly assessed the evidence that the ALJ relied upon. (*Id*. at 7-9). The Magistrate Judge also noted that the Sixth Circuit and other courts within this district have similarly found that such evidence was sufficient to find a lack of deficits in adaptive functioning. (*Id*. at 9). The Court agrees with Magistrate Judge Majzoub's sound analysis. As such, Plaintiff's second objection is overruled.

## CONCLUSION & ORDER

For the reasons set forth above **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the February 8, 2017 R&R. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**,

and this case shall be **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

                                                    s/Sean F. Cox  
                                                    Sean F. Cox  
                                                    United States District Judge

Dated: March 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2017, by electronic and/or ordinary mail.

                                                    s/Jennifer McCoy  
                                                    Case Manager